1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9   RICKY PATU,

10                          Plaintiff,                    CASE NO. C15-1293-JCC-MAT

11            v.
                                                           REPORT AND RECOMMENDATION
12   MARGARET GILBERT, et al.,

13                          Defendants.

14

15        Plaintiff Ricky Patu, who is currently incarcerated at Monroe Correctional Complex, filed

16   an application to proceed *in forma pauperis* ("IFP") with a civil rights complaint brought under

17   42 U.S.C. § 1983.  (Dkts. 1 & 7.)  He alleges the named defendants violated his constitutional

18   rights by denying his requests for a transfer to a medium or minimum security unit.

19        On September 17, 2015, the Court issued an order to show cause.  (Dkt. 8.)  The Court

20   noted that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed IFP in a civil action if he

21   or she has, on three or more prior occasions, brought civil actions that were dismissed on the

22   grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be

23   granted, unless the prisoner is under imminent danger of serious physical injury.  The Court

REPORT AND RECOMMENDATION
PAGE - 1

1  further noted that plaintiff had previously brought at least three cases that had been dismissed as

2  frivolous or for failure to state a claim upon which relief may be granted.  (Dkt. 8 (citing *Patu v.*

3  *Albert*, C14-0765-MJP (Dkt. 13); *Patu v. Lee*, C15-5332-RJB (Dkt. 13); *Patu v. Albert*, C15-

4  0722-RSM (Dkt. 10); *Patu v. Bennett*, C15-0775-JCC (Dkt. 16)).)

5        Because there was no suggestion that the imminent danger standard was satisfied, the

6  Court concluded that plaintiff was ineligible to proceed with this lawsuit without paying the

7  $400.00 filing fee.  (Dkt. 8 at 2.)  The Court, therefore, ordered plaintiff to show, by October 15,

8  2015, why his IFP application should not be denied, or to pay the filing fee by that same date.

9  (*Id*. at 3.)  The Court also notified plaintiff that failure to comply with the Court's directive

10  would be construed as consent to dismissal of this action without prejudice for failure pay the

11  filing fee.  (*Id*.)

12        To date, plaintiff has not responded to the Court's Order to Show Cause.  He has not paid

13  the filing fee or otherwise demonstrated that he is not disqualified under § 1915(g) from

14  proceeding IFP.  *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) ("[O]nce a prisoner

15  has been placed on notice of the potential disqualification under § 1915(g) by either the district

16  court or the defendant, the prisoner bears the ultimate burden of persuading the court that §

17  1915(g) does not preclude IFP status.").  Accordingly, the Court recommends that plaintiff's IFP

18  application (Dkts. 1 & 7) be DENIED and this action be DISMISSED without prejudice for

19  failure to pay the filing fee.  *See* 28 U.S.C. §§ 1914 and 1915.  A proposed order accompanies

20  this Report and Recommendation.

21        Objections to this Report and Recommendation, if any, should be filed with the Clerk and

22  served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

23  and Recommendation is signed.  Failure to file objections within the specified time may affect

REPORT AND RECOMMENDATION
PAGE - 2

your right to appeal.   Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.   Responses to objections may be filed within **fourteen (14)** days after service of objections.   If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 20, 2015**.

DATED this 26th day of October, 2015.

_____
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3